RECEIVED
SEP 2 6 2018
DEBBIE ADELSTEIN
WHATCOM COUNTY AUDITOR

FILED
COUNTY CLERK
2018 SEP 12 AM 11:48
WHATCOM COUNTY
WASHINGTON
BY_____

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR WHATCOM COUNTY

STEVEN L. KAYSER and GLORIA YOUNG, individually, and as husband and wife,

Plaintiffs,

vs.

WHATCOM COUNTY, a political subdivision of the State of Washington; DAVID S. McEACHRAN, Prosecuting Attorney for Whatcom County; and ERIC J. RICHEY, Assistant Prosecuting Attorney for Whatcom County,

Defendants.

NO. 18 2 01732 37

COMPLAINT FOR DAMAGES

The Plaintiffs, by their attorneys, Van Siclen, Stocks & Firkins, P.S., Inc., complaining of the Defendants, respectfully allege, upon information and belief, as follows:

**NATURE OF ACTION**

1. This is a civil action, pursuant to 42 U.S.C § 1983 and *Brady v. Maryland*, 373 US 83, 83 S. Ct. 1194, 10 L. Ed. 2nd 215 (1963) ("*Brady*") seeking monetary damages for Plaintiff's wrongful conviction occurring on the 26th day of November, 2013 and the prosecutor's retrial proceedings in 2016 and 2017 after the conviction was overturned by the Court of Appeals.

Complaint For Damages
PAGE - 1

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

2. The above-named Defendants caused Plaintiff Steven Kayser's unconstitutional conviction by deliberately suppressing exculpatory evidence, known as "*Brady* material," that was known to the Defendants at all times material herein. The suppressed *Brady* material consisted of knowledge and records from the Prosecutor's Office and the Whatcom County Sheriff's Office regarding previous incidents undertaken by the Defendant's key witness, Mark Adams. The deliberate cover up by the Defendants of such evidence was a substantial and proximate cause of Plaintiff Steven Kayser's conviction and retrial. Whatcom County is additionally liable pursuant to *Monell v. New York City Department of Social Services*, 436 US 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), for the deliberate indifference of policy making officials in Whatcom County, including the Whatcom County Prosecuting Attorneys' Office and the Whatcom County Sheriff's Office, to such constitutional violations, which was a substantial cause of the wrongdoing that occurred.

## STATEMENT OF JURISDICTION

3. At all times herein mentioned, the Plaintiffs are and were a married couple residing in Whatcom County, Washington.

4. Whatcom County is a municipal corporation and a subdivision of the State of Washington under and by virtue of the laws of the State of Washington.

5. At all times herein mentioned, David S. McEachern is and was the elected prosecuting attorney for Whatcom County.

6. At all times herein mentioned, Eric J. Richey is and was an assistant prosecuting attorney for Whatcom County. Mr. Richey was the assistant prosecuting attorney responsible for conducting the trials of Mr. Kayser.

## FACTS

Complaint For Damages
PAGE - 2

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

6. Plaintiff Steven Kayser is a retired forensic accountant and an inventor of, among other things, dental hygiene products.

7. In 2006, Plaintiffs purchased their home in Whatcom County. Their home consists of a residential building and a separate building, used as a warehouse and workshop. The separate building was used as Plaintiff's warehouse for his products and intellectual property. It contains an office in the end of the building closest to the residence and furthest from the property's entry gate. All other doors of the warehouse are always kept permanently locked. Windows in the warehouse are boarded over from the inside to maintain the confidentiality of Plaintiff's work product. No business that was conducted by Plaintiffs is or was ever opened to the public.

8. There are prominent and visible "No Trespassing" signs, with high conspicuity, at the entry gate and on the fence along the road leading to the Plaintiffs' property. From the entry gate a person can easily see the driveway leading to a large parking area located between the warehouse and the residence, and a sidewalk leading to the residence's front door.

9. Steven Kayser and Gloria Young were married in 2007. The couple are in their advanced years with the Plaintiff, Steven Kayser, currently 74 years of age and Plaintiff Gloria Young, currently 84 years of age.

10. On February 18, 2010 Gloria Young saw from the house a large man at the far end of the warehouse, with long gray and unkempt hair and beard. This individual was wearing what appeared to Ms. Young to be disheveled and soiled jeans and a long, disheveled shirt with shirttails flying. Ms. Young could see that this intruder had parked his car just inside the entry gate rather than driving into the property and using the parking area between the warehouse and the residence. The car was unmarked. Ms. Young watched the intruder

Complaint For Damages
PAGE - 3

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

approach the far end of the warehouse and observed him try the handle of the door without first knocking. The intruder than was seen moving from window to window, trying to look inside the premises. The intruder thereafter walked around the far end of the building, going out of Ms. Young's sight.

11.     Alarmed, Ms. Young telephoned Steven Kayser in his office and asked if he was expecting anybody to arrive and learned that he was not expecting any visitors. Ms. Young informed Mr. Kayser there was a large burly man snooping around the building.

12.     Ms. Young next observed the intruder walk from behind the warehouse building to his car where she observed him reach inside for something she was unable to identify, and then return back to the warehouse to the next unmarked locked door. Again, she observed the intruder test the door handle for entry without trying in any way to knock or announce his presence. Ms. Young then stepped out of the house onto the porch and called to the intruder "Who are you? What do you want?"

13.     The intruder did not identify himself or state his purpose for being there. Instead he walked up to Ms. Young and asked if she was Mrs. Steven Kayser. Ms. Young did not respond at which point the intruder handed her papers that she was unable to read without her reading glasses.

14.     Steven Kayser then came out of his office and observed the large, long haired unkempt and disheveled man standing next to his wife. Steven Kayser called out "Can I help you? Who are you? What do you want?" The intruder did not respond nor even attempt to answer Steven Kayser's questions and now forcibly asked Ms. Young if this was Mr. Kayser. Mr. Kayser identified himself as being Steven Kayser. The intruder handed him papers and backed up a few feet toward Ms. Young while opening a metal box. Steven Kayser again

Complaint For Damages
PAGE - 4

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

asked the intruder for his name and what his business was. The intruder, his hand in the metal box, failed to identify himself or state his business. Mr. Kayser then informed the intruder he had five seconds to leave the premises. He counted out loud to five. Seeing that the intruder was intentionally ignoring the order to leave the premises, Mr. Kayser returned to his office in the warehouse and came out with his shotgun.

15. With shotgun in hand, Mr. Kayser again ordered the intruder to leave the property immediately. When the intruder refused to leave, Steven Kayser again counted to five. After the intruder ignored him, Mr. Kayser then discharged one round straight up into the sky. The intruder laughed and continued to clearly and defiantly ignore Mr. Kayser's demand that he leave immediately. When the man continued to refuse to leave, Mr. Kayser discharged another round, again straight overhead into the sky. At this point the intruder removed his hand from the metal box and began to slowly step away from Ms. Young and started to slowly walk to his car. As he stepped into his car, the Plaintiffs observed the intruder reach for something that was located on the dashboard of the car and point it at the Plaintiffs. Mr. Kayser discharged a third round, again straight up into the sky.

16. At this point the intruder backed his car out of the gate and down the driveway to Plaintiffs' property boundary line, where he stopped. The intruder, later identified as Mark Adams, called the Whatcom County Sheriff's office and reported that Mr. Kayser had just shot at him and/or his car.

17. Within minutes, numerous Whatcom County Sheriff deputies arrived at Plaintiffs' property. Steven Kayser was arrested and charged with assault in the second degree while armed with a deadly weapon. His attorney, Francisco Duarte, requested the State disclose all exculpatory evidence in his notice of appearance, filed on March 24, 2010. The

Complaint For Damages
PAGE - 5

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

State did not disclose evidence it possessed regarding Mr. Adams's similar behavior on other citizens' property causing them to call the police. Three years later he was tried and convicted on this charge. He was sentenced to serve 39 months in prison, the lowest sentence allowed under state statute. The court set an appeal bond, which Plaintiff posted to stay the sentence pending appeal. On appeal to the Court of Appeals, the conviction was reversed and remanded for a new trial.

18. The new trial was scheduled to commence in Whatcom County Superior Court on October 20, 2017. He was represented in his appeal and in the second trial by his new counsel, Lenell Nussbaum. Ms. Nussbaum formally requested that the Prosecuting Attorney provide to her any and all *Brady* evidence that he, his office or that the Whatcom County Sheriff had or that was available to the Prosecutor or Sheriff.

19. At all times material herein, the Defendants knew that their only witness to the incidents giving rise to Mr. Kayser's arrest and conviction, Mark Adams, a process server, on at least four separate times prior to Mr. Kayser's second trial, had gone onto other Whatcom County residents' property, ostensibly for the purpose of serving process, but his behavior and appearance in these prior cases so frightened the people that they acted to defend themselves and called the police to report Mr. Adams and his bizarre behavior. Two of those incidents had occurred before the first trial. The records of these incidents were with the Defendant, Whatcom County Sheriff's Department and Mark Adams' conduct on at least two occasions was well known to the Sheriff. On one of these two occasions, where a resident was reported to police for using his firearm in defense of his property, when the case was presented to the Whatcom County Prosecuting Attorney for prosecution, the Prosecuting Attorney declined to charge the resident, due in most part to Mark Adams' slovenly appearance and his bizarre

Complaint For Damages
PAGE - 6

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

actions while on the property serving process. This evidence, known by both the Prosecuting Attorney and the Sheriff, and thereby by the defendant County, was exculpatory in nature, and is commonly called *Brady* evidence which the Defendants were required to divulge and provide to Plaintiff Steven Kayser and his attorney prior to the first trial. Defendants, and each of them, however, failed to provide this *Brady* evidence to Mr. Kayser and his attorney in the first trial. Had this evidence been provided to Mr. Kayser and his counsel prior to the first trial, Mr. Kayser would not have been convicted.

20. Knowing of the two incidents mentioned in paragraph 19, above, and also knowing of two other similar incidents involving Mark Adams wherein he had entered other resident's property ostensibly to serve process and so frightened the residents that the residents were compelled to call the Whatcom County Sheriff's office to defend themselves, David McEachran, as Prosecuting Attorney nevertheless maliciously brought Mr. Kayser on for a second trial, again failing to provide to Plaintiff and his counsel the *Brady* Evidence he had in his possession and knowledge.

21. Using a request to obtain public information concerning the Whatcom County Sheriff's office and the Whatcom County Prosecuting Attorney's office, Mr. Kayser's counsel for his appeal and second trial learned in approximately October 2016 that the Defendants' key and only witness, Mark Adams, had prior bad-conduct similar in nature and character to the conduct he used when he intruded onto Plaintiffs' property which in turn caused the Plaintiff to display and discharge his shotgun in order to defend his wife, himself and his property.

22. Upon discovering the aforementioned *Brady* Evidence, Plaintiff's counsel verbally requested that the Prosecuting Attorney dismiss his charges he had brought against

Complaint For Damages
PAGE - 7

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

Steven Kayser. The prosecuting attorney wrongfully and maliciously refused to agree to and dismiss his pending charges.

23. During the one and one-half days of pre-trial motions, Plaintiff's counsel sought from the court and was granted the right to present at the second trial and to the jury her witnesses to the four other similar incidents in which Mr. Adams went on people's property, ostensibly to serve process and acted with similar bizarre and unusual conduct to those witnesses, causing them to report the incidents to the relevant authorities. The Prosecuting Attorney thereupon dismissed, with prejudice, all charges pending against the Plaintiff, Steven Kayser.

24. At all times material herein, the Defendants, and each of them had an affirmative duty to discover and disclose to the Plaintiffs and their attorneys any and all *Brady* evidence.

25. Under the *Brady* disclosure rule, the prosecution has a continuing obligation to disclose material information favoring the criminal defendant in the possession, custody or control of the Prosecuting Attorney's Office or the police, especially where the defendant specifically demands such disclosure.

26. In a specific-demand case, as was the case here in both of Mr. Kayser's trials, the Prosecutor's failure to disclose was likely to mislead the defense into assuming that such evidence does not exist, and thus the prosecution's disclosure obligation is heightened.

27. In addition, under the related *Rosario* Rule, the prosecution has an obligation to disclose to the defense all prior recorded statements of each of its trial witnesses, so that counsel for the accused may determine whether such statements may be used to cast doubt on the witness's testimony.

Complaint For Damages
PAGE - 8

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

28.     The individual Defendants knew that Mark Adams' prior bad conduct when ostensibly serving process would be highly relevant to the Court's determination of Steven Kayser's guilt or innocence in both the first and second trial.

29.     Upon information and belief, Whatcom County does not have adequate policies and procedures in place to ensure that all *Brady* information is preserved and disclosed to the defense, and in particular does not have adequate policies and procedures in place to ensure that *Brady* information held by the sheriff's department is shared with the prosecutor's office and vice-versa.

30.     The evidence against Plaintiff Steven Kayser was extremely limited. It consisted solely of Mark Adams' claims that he had legally and properly entered Plaintiffs' property to serve process and that without cause, Steven Kayser, using a firearm, assaulted him by placing him in fear of imminent physical harm.

31.     With knowledge that Mark Adams had, on at least two prior occasions entered property ostensibly to serve process on two other citizens of Whatcom County, and while doing so created so much apprehension of fear to the residents of the property that they felt constrained to file formal complaints against Adams with Whatcom County law enforcement personnel. Following well-established constitutional legal precedent, on both the federal and Washington State level, Defendants herein should have known this information needed to be disclosed to the Plaintiff, Steven Kayser and his attorney of record, which said Defendants failed to do.

32.     Knowing of at least three separate yet similar incidents of bad and alarming conduct displayed by Mark Adams while ostensibly serving process, the Prosecuting Attorney should not have undertaken to re-try Steven Kayser.

Complaint For Damages
PAGE - 9

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

PLAINTIFFS' INJURIES AND DAMAGES

33. As a direct, proximate, and reasonably foreseeable consequence of the aforementioned actions by the Defendants, Plaintiffs:

(1) Were denied their state and federal constitutional rights and liberties;

(2) Suffered severe mental and emotional, and physical distress, including suicidal feelings;

(3) Suffered permanent mental and emotional harm;

(4) Was denied the opportunity to pursue normal relationships with and to enjoy the companionship of family members and friends;

(5) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to reputation;

(6) Suffered lost wages and permanent impairment of earning capacity;

(7) Suffered other special damages as will be established at the time of trial; and

(8) Incurred other items of attendant damages which will be established at the time of trial.

FIRST CAUSE OF ACTION

**42 U.S.C. § 1983; Denial of Due Process and a Fair Trial**

34. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

35. Prior to Steve Kayser's first trial and continuing thereafter, the individual Defendants failed to disclose to Plaintiff and/or his attorneys *Brady* evidence that they possessed and that was known to said Defendants or which should have been known to them.

Complaint For Damages
PAGE - 10

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

36.  The individual Defendants knew they had duties, under the United States Constitution as well as the laws and regulations of the State of Washington (a) to disclose *Brady* Evidence material to the Plaintiffs and their attorneys so as not to cause the conviction of Plaintiff, Steven Kayser; and (b) under the unique circumstances of this case, to disclose the *Brady* material directly to the defense, and/or (c) to affirmatively look for any *Brady* material for disclosure to the Plaintiffs; and (d) to have in place procedures, rules and regulations to guide law enforcement personnel in their *Brady* material duties and responsibilities.

37.  Notwithstanding their awareness of their duties, the Individual Defendants, prior to, during, and following Plaintiff's first trial, including prior to and during Plaintiff's second trial, intentionally, recklessly and/or with deliberate indifference to their legal obligations, concealed the *Brady* material from, lied about, and/or otherwise failed to disclose the *Brady* material.

38.  Defendants did so with the knowledge that their conduct would result in the jury being provided a false or misleading picture of Adams' reliability as a victim and witness, and thereby substantially increase the likelihood of a conviction, in violation of Plaintiff's federal constitutional rights.

39.  After the conviction of Plaintiff Steven Kayser, and throughout the pre-trial period of his second trial in 2015, the Prosecuting Attorney sought to cover up and perpetuate the Defendants' individual and collective wrongdoing, and caused the continuation of Plaintiff's wrongful conviction and resultant damages by continuing to not disclose the existence of *Brady* material possessed by and known to the said Prosecuting Attorney or which, with reasonable foresight, should have been known by said Prosecuting Attorney.

Complaint For Damages
PAGE - 11

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

40. The foregoing violations of Plaintiff's federal constitutional rights by the Individual Defendants directly, substantially, proximately and foreseeably brought about Plaintiff Steven Kayser's conviction and his other injuries and damages.

41. The foregoing violations of Plaintiff's rights amounted to Constitutional torts and were affected by actions under color of state law.

42. Defendants committed the foregoing violations of Plaintiff Steven Kayser's rights knowingly, intentionally, willfully, recklessly, negligently, and/or with deliberate indifference to Plaintiff's constitutional rights or to the effect of such misconduct upon Plaintiff's constitutional rights.

43. By reason of the foregoing, all the Individual Defendants are liable to Plaintiffs, pursuant to 42 U.S.C. 1983, for compensatory and punitive damages.

## SECOND CAUSE OF ACTION

### *Monell* / 42 U.S.C. § 1983

44. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

45. Prior to Plaintiff's arrest, policymaking officials at Whatcom County, including Whatcom County Sheriff's Office and Whatcom County Prosecuting Attorney's Office, with deliberate indifference to the constitutional rights of individuals suspected or charged with criminal activity, implemented or tolerated plainly inadequate policies, regulations, practices, customs, training, supervision, and/or discipline concerning the constitutional duty of police investigators to make timely disclosure to the Prosecuting Attorney and/or the defense of *Brady* material, and concerning the constitutional duty of the

Complaint For Damages
PAGE - 12

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

Prosecuting Attorney to inquire of police investigators about the existence of any *Brady* material.

46. The above-mentioned *Brady* material included, but was not limited to, evidence that the sole witness had created fear and apprehension in others under similar circumstances justifying self-defense, and evidence impeaching the credibility of significant prosecution witnesses.

47. The aforesaid policies, procedures, regulations, practices and/or customs (including the failure to properly instruct, train, supervise and/or discipline employees with regard thereto) were implemented or tolerated by policymaking officials of the Defendant, Whatcom County, including the Whatcom County Sheriff's Office, who knew:

    a) to a moral certainty that such policies, procedures, regulations, practices and/or customs concern issues that regularly arise in the investigation and prosecution of criminal cases;

    b) either that such issues present law enforcement employees with difficult choices of the sort that instruction, training and/or supervision will make less difficult, or that the need for further instruction, training, supervision and/or discipline was demonstrated by a history of law enforcement employees mishandling such situations and by the incentives that law enforcement employees have to make the wrong choice in such situations; and

    c) that the wrong choice by such employees concerning such issues will frequently cause the deprivation of the constitutional rights of criminal suspects or defendants and cause them constitutional injury.

Complaint For Damages
PAGE - 13

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

48. The aforementioned policymaking officials had notice of the need to properly instruct, train, supervise and/or discipline employees with regard to their aforementioned constitutional obligations based upon, among other circumstances:

   a) numerous decisions of the United States Supreme Court, the United States Court of Appeals and the Washington appellate courts, discussing the difficult issues that regularly arise under the *Brady* rule;

   b) the inherent obviousness of the need to train, supervise and discipline law enforcement officers in such obligations to counteract the pressure on officers to close cases and to obtain convictions and the powerful incentives they have to ignore, discard, fail to record, and fail to disclose evidence favoring a criminal suspect or defendant.

49. Under the principles of state and municipal liability for federal civil rights violations, the Prosecuting Attorney and Sheriff (or their authorized delegates), had and has final responsibility for training, instructing, supervising, and disciplining law enforcement and legal personnel with respect to the investigation and prosecution of criminal matters, including constitutional requirements with respect to the disclosure of *Brady* material during criminal proceedings.

50. Both the Prosecuting Attorney and the Sheriff, personally and/or through their authorized delegates, at all relevant times had final authority, and constitutes County policymaker for whom the County is liable, with respect to compliance by employees of Whatcom County with the above-mentioned constitutional requirements.

Complaint For Damages
PAGE - 14

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

51. During all times material to this Complaint, policymaking officials for Whatcom County, including the Prosecuting Attorney and Sheriff, owed a duty to the public at large and to Plaintiffs, which they knowingly and intentionally breached, or to which they were deliberately indifferent, to implement policies, procedures, customs, practices, training, and/or discipline sufficient to deter and to prevent conduct by their subordinates which violates the aforementioned constitutional rights of criminal suspects or defendants and of members of the public.

52. The aforesaid constitutionally inadequate policies, regulations, practices, customs, training, and/or discipline of or by the Defendant County, its Prosecuting Attorney and its Sheriff's Department were collectively and individually a substantial factor in bringing about the aforesaid violations by the individual officers, including the Prosecuting Attorney and his subordinate staff of attorneys and legal staff and the Sheriff and his subordinate deputies of Plaintiffs' rights under the Constitution and Laws of the United States.

53. By virtue of the foregoing, Defendants are liable for having substantially caused the foregoing violations of Plaintiffs' constitutional rights and their constitutional injuries.

### THIRD CAUSE OF ACTION

**Malicious Prosecution**

54. Defendants had no probable cause to institute and/or continue either the first or the second criminal prosecution of plaintiff Kayser, in light of the exculpatory evidence in Defendants' possession.

Complaint For Damages
PAGE - 15

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679

55. Defendants acted with malice by instigating and continuing criminal proceedings in light of the exculpatory evidence in their possession, failing to disclose said exculpatory evidence to the defense, and failing to dismiss the charges after defense counsel brought the exculpatory evidence to Defendants' attention.

56. Defendants' actions constitute malicious prosecution under the common law, for which plaintiff is entitled to recover damages.

## DEMAND

WHEREFORE, Plaintiffs pray for judgment against the Defendants as follows:

a. For compensatory damages in an amount to be established and determined at the time of trial; and

b. For punitive damages against the individual Defendants in an amount to be determined at the time of trial; and

c. For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. § 1988; and

d. For such other and further relief as this Court may deem just and proper.

DATED this 31st day of August, 2018.

VAN SICLEN, STOCKS & FIRKINS

By: _____
Stephanie L. Messplay, WSBA #47017
Robert C. Van Siclen, WSBA # 4417
Tyler K. Firkins, WSBA #20964
Attorneys for Plaintiffs
721 45th Street NE
Auburn, WA 98002
Telephone: 253-859-8899
Email: tfirkins@vansiclen.com

Complaint For Damages
PAGE - 16

VAN SICLEN, STOCKS & FIRKINS
A Professional Service Corporation
721 45th Street N.E.
Auburn, WA 98002-1381
(253) 859-8899 • Fax (866) 741-3679