THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN L. KAYSER and GLORIA YOUNG, individually and as husband and wife,<br><br>Plaintiffs,<br>v.<br><br>WHATCOM COUNTY, a political subdivision of the State of Washington, DAVID S. McEACHRAN, Prosecuting Attorney for Whatcom County, and ERIC J. RICHEY, Assistant Prosecuting Attorney for Whatcom County,<br><br>Defendants. | CASE NO. C18-1492-JCC<br><br>ORDER |

This matter comes before the Court on Defendants'[1] motion to dismiss Plaintiffs' complaint for failure to state a claim (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiffs are a married couple who reside in Whatcom County. (Dkt. No. 1-1.) Their

---

[1] Defendants McEachran and Richey shall be referred to collectively as "Defendant prosecutors" where appropriate.

home consists of a residential building and a warehouse with boarded windows in which Plaintiff Kayser maintains an office. (*Id.*) On February 18, 2010, Plaintiff Young saw an unkempt man, later identified as Mark Adams, attempting to enter the warehouse without knocking and attempting to look through the warehouse's windows. (*Id.*) Plaintiff Young called Plaintiff Kayser, who was in his office, to ask whether he was expecting anyone and to notify him of Adams' attempts to enter the warehouse. (*Id.*) Adams returned to his car, parked just inside the entry gate of the property away from the buildings, and retrieved an unidentified object before again attempting to enter the warehouse. (*Id.*)

Plaintiff Young called out to Adams, who approached her, asked if she was married to Plaintiff Kayser, and handed her papers. (*Id.*) Plaintiff Kayser came out of his office and confronted Adams. (*Id.*) Adams handed Plaintiff Kayser papers and then refused to leave the property. (*Id.*) During the ensuing confrontation, Plaintiff Kayser retrieved a shotgun and fired three times into the air. (*Id.*) Adams left the property and called the Whatcom County Sheriff's Office to report that Plaintiff Kayser had fired at him and his car. (*Id.*) Plaintiff Kayser was arrested and charged with assault in the second degree while armed with a deadly weapon. (*Id.*)

Prior to trial, Plaintiff Kayser's attorney requested that the State disclose exculpatory evidence. (*Id.*) Defendant prosecutors did not disclose evidence that Adams, a process server, had previously caused those he was serving to call law enforcement or act to defend themselves due to his appearance and bizarre behavior. (*Id.*) Plaintiff Kayser was convicted and sentenced to serve 39 months in prison. (*Id.*) Plaintiff Kayser posted his appeal bond, and his case was reversed on appeal and remanded for a new trial. (*Id.*)

Defendant prosecutors elected to retry Plaintiff Kayser. (*Id.*) In October 2016, Plaintiff Kayser's counsel discovered evidence of Adams' prior behavior through a request for public information directed to the Whatcom County Sheriff's Office and the Whatcom County Prosecuting Attorney's Office. (*Id.*) After Defendant prosecutors refused to dismiss the charge against Plaintiff Kayser, his counsel requested and was granted leave by the court to present

witnesses to Adams' prior behavior at trial. (*Id.*) Defendant prosecutors then dismissed the charge against Plaintiff Kayser with prejudice. (*Id.*)

Plaintiffs brought a 42 U.S.C. § 1983 civil rights action for damages against Defendants in state court. (*Id.*) Plaintiffs alleged that Defendant prosecutors denied Plaintiff Kayser his rights to due process and a fair trial when they failed to disclose exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 1194 (1963). (*Id.*) Plaintiffs also alleged that Defendant Whatcom County is liable for the violations of Plaintiff Kayser's constitutional rights under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). (*Id.*) Plaintiffs further alleged that Defendant prosecutors maliciously prosecuted Plaintiff Kayser without probable cause in light of the exculpatory evidence in their possession. (*Id.*)

Defendants removed the case to this Court (Dkt. No. 1), and now move to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 9.)

## II. DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) Legal Standard

The Court may dismiss a complaint that "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

//

**B.     Violation of *Brady v. Maryland***

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

> A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages.

*Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003).

Plaintiffs' complaint alleges that evidence of Adams' prior behavior "was exculpatory in nature . . . which the Defendants were required to divulge and provide to Plaintiff Steven Kayser and his attorney prior to the first trial." (Dkt. No. 1-1 at 7; *accord id.* at 10–11.) Plaintiffs contend that Defendant prosecutors' failure to disclose the evidence violated Plaintiff Kayser's federal constitutional rights, and therefore "all the Individual Defendants are liable to Plaintiffs, pursuant to 42 U.S.C. 1983, for compensatory and punitive damages." (*Id.* at 12.) The complaint's factual allegations underlying Plaintiffs' claim for civil damages under § 1983 pertain solely to Defendant prosecutors' failure to disclose exculpatory evidence in violation of *Brady*. Defendant prosecutors' failure to do so is "an exercise of the prosecutorial function," and therefore they are absolutely immune from Plaintiffs' claim as currently pled. *See Broam*, 320 F.3d at 1030.

Plaintiffs briefly argue that Defendants Whatcom County and McEachren are not entitled to absolute immunity, as Defendant Whatcom County is a government entity and Defendant McEachren was only named in his official capacity. (Dkt. No. 12 at 8) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985); *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 681 (9th Cir. 1984)). Plaintiffs' complaint asserted a claim for compensatory and punitive damages under § 1983 against "all the Individual Defendants." (Dkt. No. 1-1 at 12.) To the extent this claim was brought against Defendant McEachren in his individual capacity, it is

barred by absolute immunity as discussed above. Defendant Whatcom County's liability as a governmental entity and Defendant McEachren's liability in his official capacity are properly analyzed in the context of Plaintiffs' *Monell* claim, discussed below. *Monell*, 436 U.S. at 690–91 (discussing liability of local governing bodies under § 1983); *Graham*, 473 U.S. at 166–67 (stating that official capacity suits generally are a means to plead an action against an entity of which the official is an agent).

Therefore, Defendants' motion to dismiss is GRANTED on this ground. Plaintiffs' § 1983 claim against Defendant prosecutors for compensatory and punitive damages for their alleged *Brady* violation is DISMISSED without prejudice and with leave to amend.

### C. Liability of Defendant Whatcom County

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Rather, a local government is liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. "Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690.

A plaintiff alleging a § 1983 violation may establish a local government's liability by "prov[ing] that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (internal quotations omitted).[2] "Proof of a single incident of unconstitutional

---

[2] A plaintiff may also establish that an individual with final policy-making authority committed the constitutional tort and therefore the action constituted an act of official governmental policy, or that an official with final policy-making authority ratified a subordinate's unconstitutional act or decision. *See Gillette*, 979 F.2d at 1346–47. Plaintiffs do

activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985); *see Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (quoting *Gillette*, 979 F.2d 1346) (noting that that, to establish custom, plaintiff must show "that his injury resulted from a permanent and well-settled" practice).

In this case, Plaintiffs argue that Defendant Whatcom County is liable under *Monell* because it "implemented or tolerated plainly inadequate policies, regulations, practices, customs, training, supervision, and/or discipline" regarding the disclosure of *Brady* material. (Dkt. No. 1-1 at 12.) But Plaintiffs' claim is extrapolated from Defendant prosecutors' alleged failure to disclose *Brady* material in Plaintiff Kayser's criminal proceedings. (*See* Dkt. Nos. 1-1 at 5–9, 13.) Plaintiffs have not cited any other instances in which Defendants or their officials or employees wrongfully suppressed *Brady* material. (*See* Dkt. Nos. 1-1 at 12–15, 12 at 6–8.) They also have not provided other factual allegations substantiating their assertion that Defendant prosecutors' failure to disclose *Brady* material in this case resulted from either a formal policy of Defendant Whatcom County or a longstanding practice or custom rising to the level of a "standard operating procedure." (*Id.*); *see Gillette*, 979 F.2d at 1346. Plaintiffs' allegations concerning Defendant prosecutors' failure to disclose *Brady* material in this case, coupled with the conclusory allegation that such failure is attributable to a policy implemented by Defendant Whatcom County or lack thereof, is insufficient to establish a plausible claim that Defendant Whatcom County is liable under *Monell*. *See Ismail v. Cty. of Orange*, 917 F. Supp. 2d 1060, 1072 (C.D. Cal. 2012), *aff'd*, 676 F. App'x 690 (9th Cir. 2017).

Because the Court concludes that Plaintiffs' complaint lacks sufficient factual allegations to establish a plausible claim that Defendant Whatcom County is liable under *Monell*, the Court

---

not allege that Defendant Whatcom County is liable under either of these theories. (*See generally* Dkt. Nos. 1-1, 12.)

declines to reach the parties' arguments regarding whether Defendant Whatcom County has authority to direct state prosecutors to disclose *Brady* material or otherwise comply with their constitutional obligations. (*See* Dkt. Nos. 9 at 6–8, 12 at 6, 13 at 2–3.) Similarly, the Court notes that although Plaintiffs argue that Defendant Whatcom County must have a policy ensuring communication of *Brady* material between the Sheriff's Office and the Prosecuting Attorney's Office, (Dkt. No. 12 at 7), the Supreme Court has held that prosecutors have "a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police" and that prosecutors remain responsible for disclosing *Brady* evidence regardless of whether police investigators inform them of such evidence. *Kyles v. Whitley*, 514 U.S. 419, 437–38 (1995).

Therefore, Defendants' motion to dismiss is GRANTED on this ground, and Plaintiffs' claim that Defendant Whatcom County is liable under *Monell* for the actions of Defendant prosecutors is DISMISSED without prejudice and with leave to amend.

### D. Malicious Prosecution

A state prosecutor acting within the scope of his or her duties in initiating or pursuing a criminal prosecution is absolutely immune from civil suits for malicious prosecution arising under common law or § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 421–29 (1976) (reviewing absolute prosecutorial immunity from malicious prosecution suits at common law, and holding that same immunity applies to claims brought pursuant to § 1983). Plaintiffs bring a common law claim of malicious prosecution against Defendant prosecutors,[3] alleging that they lacked probable cause and acted with malice in "instigating and continuing" criminal proceedings against Plaintiff Kayser in light of the exculpatory evidence underlying Plaintiffs' *Brady* claim.

---

[3] Plaintiffs do not distinguish between the Defendant prosecutors and Defendant Whatcom County. (Dkt. No. 1-1 at 15–16.) Because this claim focuses exclusively on Defendant prosecutors' litigation actions and does not allege a theory of liability against Defendant Whatcom County, the Court assumes that this claim is alleged solely against Defendant prosecutors.

1 (Dkt. No. 1-1 at 15–16.) Defendant prosecutors' actions in "instigating and continuing" criminal proceedings are within the scope of their duties in "initiating a prosecution and in presenting the State's case," and therefore are accorded absolute immunity from Plaintiffs' malicious prosecution claim. *See Imbler*, 424 U.S. at 421–29. Therefore, Defendants' motion to dismiss is GRANTED on this ground, and Plaintiffs' claim of malicious prosecution is DISMISSED without prejudice and with leave to amend.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 9) is GRANTED. Plaintiffs' complaint (Dkt. No. 1-1) is DISMISSED without prejudice and with leave to amend. Fed. R. Civ. P. 15(a). If Plaintiffs choose to file an amended complaint, they must plead, if they are able, additional factual allegations to cure the deficiencies identified in this order. The amended complaint must be filed within 30 days of the issuance of this order.

DATED this 3rd day of December 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE