**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN L. KAYSER; GLORIA YOUNG, individually, and as husband and wife,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>WHATCOM COUNTY, a political subdivision of the State of Washington; DAVID S. MCEACHRAN, Prosecuting Attorney for Whatcom County,<br><br>Defendants-Appellees. | No.   21-35860<br><br>D.C. No. 2:18-cv-01492-RSM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted June 6, 2022**
Seattle, Washington

Before: GILMAN,*** IKUTA, and MILLER, Circuit Judges.

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  ***   The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Plaintiffs Steven L. Kayser and Gloria Young appeal the district court's grant of summary judgment in favor of Defendants Whatcom County and Prosecutor David S. McEachran. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A county can be liable under 42 U.S.C. § 1983 if the county "itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citation omitted). In *Kayser v. Whatcom County (Kayser I)*, 804 F. App'x 620, 622 (9th Cir. 2020), we affirmed the district court's decision to dismiss for failure to state a claim Plaintiffs' *Brady* claims that were based on the County's alleged longstanding practice or custom of unconstitutionally suppressing evidence and the County's alleged failure to train its employees about their constitutional duties. We based this conclusion on the fact that Plaintiffs had "failed to allege that the County suppressed evidence in any case other than [Kayser's] two trials." *Id.* (citation omitted). But we also held that Plaintiffs' allegations were sufficient to state a § 1983 claim against the County and McEachran "for constitutional injuries inflicted by the implementation of a local government's official policies." *Id.* (citation omitted).

Because McEachran was sued in his official capacity only, Plaintiffs' claims are solely against the County. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)

2

(holding that official-capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent" (citation omitted)). Based on the evidence produced after remand, we now affirm the district court's decision that Defendants did not implement an unconstitutional *Brady* policy.

The only written policy relevant to our analysis is the Prosecutor's because this was the only written policy in place by the time of Kayser's trial in 2013. Nothing in the record demonstrates that the Prosecutor's 2013 policy caused the alleged deprivation of Kayser's constitutional rights by allowing the prosecution to impermissibly omit *Brady* material from its disclosures. Although the policy specifically addresses the disclosure of *Brady* material as it applies to impeachment evidence for recuring investigative or professional witnesses, the policy does not state that it encompasses *all* of the requirements associated with disclosing *Brady* material. Rather, the policy provides that prosecutors have an "affirmative duty to disclose potentially exculpatory information to a charged defendant." We thus agree with the district court that "the policy specifically addressed a smaller galaxy within the *Brady* universe[,]" but this does not "imply that prosecutors were free to destroy all other galaxies in the *Brady* universe" based on the Prosecutor's policy.

Plaintiffs' arguments on this point are unavailing. They first contend that because the Sheriff had no written *Brady* policy during the time that Kayser was charged and tried—and the Prosecutor did not adopt a written policy until June

3

2013—the County committed a constitutional violation. But Plaintiffs cite no authority to support their argument that the lack of a written policy is ipso facto unconstitutional.

In addition, Plaintiffs argue that the lack of a general written *Brady* policy "caused consistent misunderstandings" about what must be disclosed under *Brady* and created "unwritten policies [that] would necessarily deprive defendants of their constitutional rights." The argument that the County had an unwritten policy of omitting *Brady* material amounts to an argument that it abided by a custom or practice to do so. But we have already dismissed such a claim. *See Kayser I*, 804 F. App'x at 622.

In the absence of any general municipal policy, there are "three situations in which isolated constitutional violations are sufficient to establish a municipal 'policy.'" *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). All three situations hinge upon a finding that an individual with "final policymaking authority" was involved in the constitutional violations. *Id.* at 1235–38.

Plaintiffs make arguments about the ways in which Eric Richey (the deputy prosecutor involved in Kayser's case and the current elected Whatcom County Prosecutor) evinced a failure to understand his *Brady* obligations. But Plaintiffs have not made any argument that Richey had final policymaking authority over the County's *Brady* policy or the failure to disclose potentially exculpatory material to

4

Kayser. The single constitutional violation that Kayser allegedly suffered therefore does not establish an unconstitutional policy on the part of the County.

**AFFIRMED.**